UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DANNY RICHARD DUSTIN

      Petitioner,

v.                                       Case No. 3:23-cv-391-MMH-JBT

STATE OF FLORIDA,

      Respondent.
_____

## ORDER

Petitioner Danny Richard Dustin, a pretrial detainee at the Clay County Jail, initiated this action on March 27, 2023, by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Petition; Doc. 1). In the Petition, Dustin asks the Court to dismiss the state court case against him. Petition at 48. He maintains Detective Anderson of the Clay County Sheriff's Office omitted facts and made false statements in a probable cause affidavit. Id. at 1. Specifically, he alleges Detective Anderson fabricated the amount of stab wounds sustained by the alleged victim and the location of the stabbing. Id. at 8. Dustin states the probable cause affidavit also omitted his defensive wounds. Id. According to the state court (Clay County) docket, the State of Florida charged Dustin with homicide in violation of Florida Statutes section

782.04(2). State of Florida v. Danny Richard Dustin, No. 2020-CF-000426 (Fla. 4th Cir. Ct.). A pretrial status hearing is scheduled for April 25, 2023. Id.

As a state pretrial detainee, Dustin may seek federal habeas relief pursuant to § 2241. See Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003). However, "a district court may not grant a § 2241 petition unless the petitioner has exhausted all available state remedies." Johnson v. Florida, 32 F.4th 1092, 1095-96 (11th Cir. 2022) (internal quotation marks and citation omitted). The exhaustion requirement prevents "the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 493 (1973). Here, Dustin does not allege or demonstrate that he has exhausted his claims in state court; therefore, he is not entitled to relief.

Additionally, the Court declines to interfere in ongoing state proceedings. Absent some exceptional circumstances meriting equitable relief, a federal court should refrain from interfering with a pending state criminal proceeding. See Younger v. Harris, 401 U.S. 37, 43-44 (1971); Butler v. Ala. Judicial Inquiry Comm'n, 245 F.3d 1257, 1261 (11th Cir. 2001) ("Younger and its progeny reflect the longstanding national public policy, based on principles of comity and federalism, of allowing state courts to try cases already pending

in state court free from federal court interference.") (citation omitted). "In Younger, the Supreme Court set out three exceptions to the abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1263 n.6 (11th Cir. 2004) (citing Younger, 401 U.S. at 45). Here, Dustin fails to make a "substantial allegation" showing that bad faith motivated his state prosecution, nor does he make a viable claim of irreparable injury. See Younger, 401 U.S. at 48 (noting that bad faith prosecutions are brought with an intent to harass and no expectation of securing a conviction). Further, Florida courts have adequate and effective state procedures, which are available to Dustin. As such, the Petition is due to be dismissed without prejudice.

Therefore, it is now **ORDERED:**

1. The Petition (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminating any pending motions, and closing the file.

3. If Dustin appeals the dismissal of the Petition, the Court denies a certificate of appealability.[1] Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of April, 2023.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

Jax-9 4/21
c:   Danny Richard Dustin, #133604

---

[1] The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Dustin "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, the Court will deny a certificate of appealability.